Franklin C. REAVES, Plaintiff–Appellant,

v.

CITY OF MULLINS; J.C. Richardson, Individually and in his official capacity as City of Mullins Administrator; Rodney Johnson, individually and in his official capacity as City of Mullins Planner; Jimmy Afford, Jr., individually and in his official capacity as Chief of Police of City of Mullins; Joe Cox; individually and in his official capacity as City of Mullins Judge; Marion County; Edwin P. Rogers, individually and in his capacity as Marion County Administrator; Danny Gerald, individually and in his capacity as employee of Marion County; Danny Gardner, individually and in his capacity as an employee of Marion County; Dennis Floyd, individually and in his capacity as an employee of Marion County; John W. Roberts, individually and as an employee of the City of Mullins; Boyd Johnson, individually and as an employee of the City of Mullins; Gene Lewis, individually and as an employee of the City of Mullins; Walter Godbold, individually and as employee of the City of Mullins; Henry Jackson, individually and as employee of the City of Mullins, Defendants–Appellees.

No. 01–1836.

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 18, 2001.

Decided Oct. 25, 2001.

Franklin C. Reaves, pro se. Douglas Charles Baxter, Richardson, Plowden, Carpenter & Robinson, Myrtle Beach, South Carolina; Robert Thomas King, Willcox, Buyck & Williams, P.A., Florence, SC, for appellees.

Before DIANA GRIBBON MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

PER CURIAM.

Franklin C. Reaves appeals the district court's order dismissing his § 1983 action alleging various constitutional violations in the condemnation and demolition of two houses by the City of Mullins, South Carolina. We dismiss the appeal for lack of jurisdiction because Reeves' notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, *see* Fed. R.App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5) or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order was entered on the docket on May 16, 2001. However, Reeves' notice of appeal was not filed with the district court until June 18, 2001. Because Appellant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss

---

* To the extent Reeves mailed his notice of appeal to the district court for filing on June 15, 2001, because he is not incarcerated, he does not benefit from *Houston v. Lack,* 487 U.S.

---

the appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). *See Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir.1996).